IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICKY PATTERSON, # B-79037,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1311-SMY |
| | ) | |
| **STIBBRR,** | ) | |
| **HENTON,** | ) | |
| **E. COOPER,** | ) | |
| **and C/O GIVENS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case was severed on December 6, 2017, from Plaintiff's original action, which is now captioned as *Patterson v. Buckles, et al.*, Case No. 17-cv-1067-MJR-SCW. (Doc. 1). The instant case was labeled as the "First Severed Case" and contains the claims brought under 42 U.S.C. § 1983 that were designated as Counts 4 and 6, as follows:

> **Count 4:** Fourteenth Amendment due process claim against Stibbrr for issuing Plaintiff a false disciplinary ticket on January 12, 2017; against Givens for failing to produce exculpatory evidence (surveillance video) requested by Plaintiff; and against Henton and Cooper for failing to review or consider the video evidence before finding Plaintiff guilty and punishing him with segregation;
>
> **Count 6:** First Amendment claim against Stibbrr for writing the January 12, 2017, false disciplinary ticket in retaliation for Plaintiff's successful challenge to the fraudulent Buckles ticket, and for Plaintiff's grievance and litigation activity.

(Doc. 1). Both claims survived threshold review under 28 U.S.C. § 1915A, and shall proceed for further consideration in this severed case.

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) shall be

1

granted in a separate order, based on the information provided when the original action was filed.

**Disposition**

The Clerk of Court shall prepare for Defendants **STIBBRR, HENTON, COOPER,** and **GIVENS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, the Memorandum and Order at Doc. 1, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 7, 2017**

s/ STACI M. YANDLE
United States District Judge