**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| RICKY PATTERSON, #B79037, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-1311-SMY-RJD |
| | ) | |
| STIBBRR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME the Defendants, ELDON COOPER (listed as "E. Cooper"), KYLE HENTON (listed as "Henton"), JEREMY GIVENS (listed as "C/O Givens"), and ARNOLD STEBERR (listed as "Stibbrr"), by and through their attorney, LISA MADIGAN, Attorney General of the State of Illinois, and for their Answer and Affirmative Defenses to Plaintiff's Complaint [d/e 1], state as follows:

I. **JURISDICTION**

Plaintiff: *Ricky Patterson*

A. Plaintiff's mailing address, register number, and present place of confinement. *10930 Lawrence, Road Sumner, Illinois, 62466 Reg# B79037 Lawrence. Correctional-Center*

**RESPONSE:** **Defendants admit that Plaintiff was formerly an inmate at Lawrence Correctional Center.**

**Defendant #1:**

B.  Defendant _____D. Johnson #7275_____ is employed as
                        (a)      (Name of First Defendant)

_____Correctional Officer_____
                        (b)      (Position/Title)

with _____Lawrence Correctional Center_____
                        (c)      (Employer's Name and Address)

_____10930 Lawrence Road, Sumner Ill, 62466_____

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: Working As C/O that ran Housing Unit 1-C in Nov-2016 -&- 8-B in April – July 2017 on the 7-3 shift.

**RESPONSE: Defendants admit that Defendant Johnson was employed by the Illinois Department of Corrections at Lawrence Correctional Center. The Court severed all claims against Defendant Johnson in its merit review in case number 17-1067. (Court Doc. 1).**

Defendant #2:

C.   Defendant _WARDEN LAMB_____ is employed as

(Name of Second Defendant)

_CHief AdmiNistRAtive OfficeR_____

(Position/Title)

with _(I.D.O.C.) LAwReNce CoRRectioNAl CeNteR_

(Employer's Name and Address)

_10930 LAwReNce RoAD, SumNeR, Illinois, 62466_

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:

Chief Executive/AdminstRAtive officeR
MAkes policy – FiNAlizes DiscipliNARy Dicisions
ANswers EmergeNcy gRievances

**RESPONSE:** Defendants admit that Nicholas Lamb has served as the Warden and Chief Administrative Officer at Lawrence Correctional Center.  The Court dismissed all claims against Warden Lamb in its merit review in case number 17-1067.  (Court Doc. 1).

Additional Defendant(s) (if any):

D.    Using the outline set forth above, identify any additional Defendant(s).

Lieutenant M. McCarthy

Lieutenant

Lawrence Correctional Center

10930 Lawrence Road, Sumner, Ill, 62466

Yes

Over see's Housing Unit(s) -s- Correctional Officers

**RESPONSE: Defendants admit that M. McCarthy has been employed at Lawrence Correctional Center. The claims against M. McCarthy were dismissed by the court in its merit review in case number 17-1067. (Court Doc. 1).**

DEFENDANTS

E.) Sergant Casburn # 10828

Sergant

Lawrence Correctional Center

10930 Lawrence Road, Sumner, Ill, 62466

Yes

Sergant of Segregation At time of violation

**RESPONSE: Defendants admit that Sergeant Casburn has been employed at Lawrence Correctional Center. The Court dismissed all claims against Sergeant Casburn in its merit review in case number 17-1067. (Court Doc. 1).**

F.) Lieutenant L. McCarthy

Lieutenant

Lawrence Correctional Center

10930 Lawrence Road, Sumner, Ill, 62466

Yes

Over See's Housing Unit(s) -&- Correctional Officers

**RESPONSE:** Defendants admit that Defendant Lieutenant L. McCarthy has been employed at Lawrence Correctional Center. The Court severed all claims against Lieutenant L. McCarthy in its merit review in case number 17-1067. (Court Doc. 1).

G.) Lieutenant Stibrr #12571

(Shift Commander - Lieutenant)

Lawrence Correctional Center

10930 Lawrence Road, Sumner, Ill, 62466

Yes

Over See's entire shift/staff

**RESPONSE:** Defendants admit that Lieutenant Steberr has been employed at Lawrence Correctional Center in the past.

H.) L.T Henton #10195

Lieutenant/Adjustment Committee

Lawrence C.C.

2A. 10930 Lawrence RD, Sumner, Ill, 62466 (Yes)

Hears Major Disciplinary Tickets/Over see's Seg unit

**RESPONSE:** Defendants admit that Lieutenant Kyle Henton is employed at Lawrence Correctional Center and is a Chairperson of the Ajustment Committee.

> I.) E. Cooper
> Correction Officer /Adjustmen Committee
> Lawrence C.C.
> 10930 Lawrence Rd. Sumner Ill, 62466   (Yes)
> Hears Major ticket/Disciplinary.

**RESPONSE:** Defendants admit that Officer Eldon Cooper is employed at Lawrence Correctional Center and has served on the Adjustment Committee.

> J.) Goodrum
> Correctional Officer
> Lawrence C.C.
> 10930, Lawrence Rd. Sumner, Ill 62466   (Yes)
> Working As % in 8-B-Unit on 3-11 shift

**RESPONSE:** Defendants admit that Officer Goodrum has been employed at Lawrence Correctional Center. All claims against Officer Goodrum were dismissed by the Court in its merit review in case number 17-1067. (Court Doc. 1).

> K.) Buckles #5031
> Correctional Officer
> Lawrence . C.C.
> 10930, Lawrence Rd, Sumner, Ill, 62466   (Yes)
> Working As % in 6 Hous on 3-11 shift

**RESPONSE:** Defendants admit that Cole Buckels has been employed at Lawrence Correctional Center. All claims against Defendant Buckels were severed by the Court in its merit review in case number 17-1067. (Court Doc. 1).

L.) Summer -or- Summers
    Correctional Officer
    Lawrence C.C.
    10930, Lawrence Rd, Summer, Ill, 62466 (Yes)
    Working As C/O in 6-House on 3/11 shift

**RESPONSE: Defendants admit that Mark Summer is a correctional officer at Lawrence Correctional Officer and he formerly worked the 3-11 shift. The Court severed the claims against Defendant Summer in its merit review in case number 17-1067. (Court Doc 1).**

M.) Givens #6092
    Correctional officer/Ticket investigator
2B. Lawrence C.C.
    10930, Lawrence Rd, Summer Ill, 62466 (Yes)
    To investigate charges + to reveal results to Adjustment

**RESPONSE: Defendants admit that Officer Givens has been employed at Lawrence Correctional Center and is now a Correctional Lieutenant.**

N.) I.D.O.C. Director J. Baldwin
    Director of I.D.O.C
    P.O. Box 19277, Springfield, Ill, 62794-9277 (Yes)
    Over See's Entire I.D.O.C, creates Policy / Enforces policy

**RESPONSE: Defendants admit that John Baldwin is the acting director of the Illinois Department of Corrections. The Court dismissed all claims against Acting Director Baldwin in its merit review in case number 17-1067. (Court Doc. 1).**

O.) Dave White
    Administrative Review Board
    P.O. Box 19277, Springfield, Ill, 62794-9277 (Yes)
    Response to inmate Appeals on grievances

**RESPONSE: Defendants admit that Dave White is a member of the Administrative Review Board. The Court dismissed all claims against Mr. White in its merit review in case number 17-1067. (Court Doc. 1).**

P.) Counselor Ray
    Counselor
    LAWRENCE C.C.
    10930 LAWRENCE Rd, SUMNER, Ill, 62466
    Help inmates Resolve issues

**RESPONSE: Defendants admit that there is a counselor with the last name Ray employed at Lawrence Correctional Center. The Court dismissed all claims against Mr. Ray in its merit review in case number 17-1067. (Court Doc. 1).**

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to
your imprisonment?                    ☒ Yes      ☐ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below. If
there is more than one lawsuit, you must describe the additional lawsuits
on another sheet of paper using the same outline. <u>Failure to comply with
this provision may result in summary denial of your complaint</u>.

1.   Parties to previous lawsuits:
Plaintiff(s): PAtterson

Defendant(s): Wexford Health Sources Inc et, All

2.   Court (if federal court, name of the district; if state court, name of
the county):  U.S. District Court Northern District/Eastern Division

3.   Docket number:  13C/501

4.   Name of Judge to whom case was assigned:  Judge Zagel

5.   Type of case (for example: Was it a habeas corpus or civil rights
action?):  Civil Rights Action

6.   Disposition of case (for example: Was the case dismissed? Was it
appealed? Is it still pending?):  Half Settled (defendants)
Half pending (defendants have not closed settlement)

7.   Approximate date of filing lawsuit:  2013

8.   Approximate date of disposition:  2015

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the
truth of the allegations contained in paragraph II.**

**II. B.**

1.) Parties to previous lawsuit:
   Patterson
       v.
   Blagovich et, Al;

2.) Name of Court:
   U.S. District Court Northern District – Eastern Division

3.) Docket Number: 11C 1658

4.) Name of Judge: Judge Zagel

5.) Type of Case: Civil Rights (price gouging / over-charging)

6.) Disposition of Case: Dismissed

7.) Approx filing: 2011

8.) Approx date of disposition: 2012

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph II. B.**

III. **GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
   ☒ Yes   ☐ No

C. If your answer is YES,
   1. What steps did you take?
   *Sent NON-emergency grievances to Counselor (the ones that were not lost on the counselor level - were sent to the grievance office where they have not bee Replied to. Emergency grievances were sent directly to WARDEN Lamb...*
   2. What was the result?
   *The grievance process in Lawrence is broken. There is no appointed grievance officer. Grievances disappear on regular basis, As Counselors, Wardens either refuse to answer grievances -or- investigate the issue*

**RESPONSE:** Defendants admit that there is a grievance procedure at Lawrence Correctional Center. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph III.

**IV. STATEMENT OF CLAIM:**

*The following paragraph will show how plaintiff was subjected to -or- had his constitutional rights to be procted from - Cruel & Unusual punishment Eigth Amend. (grossly inflicted cruel punishment) First Amendment (opening privileged mail -&- confiscating contents) - Deliberate indefference (As officials Refused/failed to provid Remedy After being properly informed) -&- Due Process U.S. Const XIV Amend. Violated by the defendants.*

**RESPONSE:** Defendants deny violating Plaintiff's rights whatsoever.

**1.**

> 1.) I arrived in Lawrence from StateVille on 11-4-16 (Transfered due to good behavior/Gang-&-Weapon Free). I was in the muddle of both my criminal appeal-&-civil issue. So legal transcripts - books-&- documents made up most of my property. The C/o's here have constantly commented on this printing me out to their co-workers. Saying "he'll sue you" - "There's A Free VACATION" -&- "Judge Judie", all to get a rise out of me. I ignored this but in late Nov- my legal mail started being handed to me opened-&-read. Inspite of it clearly being stamped (Priviledged MAiL)... This is directly against 20 Ill.ADMiN-Code CH I. 701.180 MAiL PROcedure. As (f.) CLEARly STATEs... - PRiviledged MAiL(shall) be opened in the presence of the detAinee... I wrote three grievances on this issue only to have none them Returned by the 6-House Counselor.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1.**

**2.**

> In late Dec-2016 I received several judges-&-attorney calls. Every time I exited these calls I would be met by some ill comment by a 6 house C/o in the bubble, who often would refuse to let me back on the wing unless I told him who I just spoke to. I've also written grievances on this but as of the day of filing this claim - I have not heard anything on these grievances nor received my requested copy. As it is the unwritten practice/policy of Lawrence to hold on to inmate grievances to discourage inmates from writing them. By Christmas my legal situation had picked up -&- my attorney at the time J. BonJean out of New York sent me legal documents that needed to be notarized-&-signed, then returned back to her before the approaching court date

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.**

**3.**

However do to the way the system "is set up" in Lawrence inmates have to put open request slips in a box. Then the L.T. - will go over it -&- Send it where it goes. (This sounds correct on it's face - but when the L.T. Refuses to send in Request inmates Are denied privileges.) As is the case here -&- with the approaching court date -&- needed notorized forms my attorney had to call the prison in order to get me access to a notary. Due to the C/o's -&- L.T directly disposing of my request slips -&- denying me legal access. On Dec. 23-2016 I was sent to the

law library -&- had the needed forms notorized/Copied. That Monday Dec. 26, 2016, I placed those documents in the institutional mail to my attorney properly Addressed/postage. That MAil NEVER MAiD IT TO MY Attorney. Forcing two extra court dates in Federal Court (Judges calls here in the institution).

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.**

**4.**

> In the first week of January I received an attorney call followed by judges call the next day. That night on 3/11 shift C/o Buckles #5031 came to my door again with opened privileged mail from my attorney. When I asked him why he opened my mail he stated " we gone make sure you don't sue nobody here ". We exchanged words -&- he moved on. Later that night when they ran chow C/o Buckles #5031 opened the door wide open -&- asked if I still had an issue. This is unusual because the L.T. -&- C/o's stand at the back of the wing -&- herd people out the door. Not in the middle where 6-B-L-10 is located. I said nothing to C/o Buckles -&- did not go to chow to avoid the situation; as it was clearly a move of intimidation -or- attempt to.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.  The Court severed all claims against Defendant Buckels in its merit review in case number 17-1067.  (Court Doc. 1).**

**5.**

> Approximately 3-4 days later I received a ticket dated 1-10-17. For a 307 charge.: Unauthorized movement : stating I was in the dayroom during upper decks dayroom (As if I broke out the cell.) This ticket was written by C/o Buckles 5031 in an effort to bring disciplinary actions against me since he could not provoke a physical reaction from me. If it were not for my receipt having the time on it proving I was in the commissary at the time — worse case scenario — I could have been charged with an escape.. Do to Receipt ticket was expunged (SEE EX. C. Final Summary Report MR. Joshua B. Simms - Chair Person)

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5. The Court severed all claims against Defendant Buckels in its merit review in case number 17-1067.  (Court Doc. 1).**

**6.**

> Once it was clear I would be cleared of this ticket. As I showed the major my receipt (SEE EX A.), over the next two days when ever the L.T-s C/o on the 3-11 shift ran chow they would come & Stand in front of my cell — open the door wide, but say nothing. This is highly unusual because (1) L.T-s C/o's start in the back of the wing & slowly work their toward locking doors — & pushing everyone toward the hall. (2) L.T. C/o's Do-Not open cell doors it's up to the INMAte to catch the door when it's buzzed if going to chow...

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6. The Court severed all claims against Defendant Buckels in its merit review in case number 17-1067.  (Court Doc. 1).

**7.**

On Jan-12-2017 I was again written a "false ticket (FRAUDULENT) this time for : 102: Assulting ANY Person -s- : 206: Intimidation of threat Where Lt. A. Stibbr #12571 claimed I squeezed his biceps, prevented him from moving his arms -s- then shoved him. This was suppose to have happened after on 1-12-17 on the (same 3-11 shift) ℅ Summer -or- Summers came to my cell with legal mail from the Fourth District Appellate Court. As I signed the legal mail receipt (to prove I got said mail) ℅ Summer went through the envelope taking a key part of the enclosed documents

067-MJR-SCW   Document 1   Filed 10/04/17   Page 11 of 38   Page ID #11

and a self addressed envelope from the Appellate Court. When I asked him what was he doing he said I could not have the envelope (And do to default the documents.) I tried to point out to him that the Appellate Court gave me strict directions to sign the documents he kept -s- return them at once. I literally let Him Read THE PARAGRAPH (SEE EX. B. LETTER FROM Appellate Court.) Yet he still took the transcript. At once I requested a L.T. -s- about 10-15 min- later ℅ —— (tall grey/haired/heavyset w/in middle aged) opened the door to the cell -s- explained why I couldn't have the envelope. But he totally ignored the real issue, the documents — transcripts that were sent by the court. He told me if I still had an issue to speak to the L.T. when they ran chow -s- that the L.T. was aware of the problem.

**RESPONSE:** Defendants deny that Defendant Steberr wrote a false disciplinary ticket. Defendants admit that Defendant Steberr wrote Plaintiff a ticket for assaulting him. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 7.  The Court severed the allegations against Defendant Summer in its merit review in cause number 17-1067.  (Court Doc. 1).

**8.**

> About 15-20 min later L.T. Stibbr #12571 came to run chow -&- I tried to speak to him. He told me he was busy -&- to wait. When I tried to follow him, I was stopped by the two %'s. When L.T. Stibbr #12571 came from the back I tried to show him the paper from the Appellate court. He then started shouting "I ALREADY Know what you WANT AND you CAN'T have it"... I inturn underlined the sentence of the Appellate court (SEE EXB.) -&- with paper in one hand, pen in the other tried to explain to L.T. Stibbr that I needed the documents/transcripts not the envelope

**RESPONSE:** Defendant Steberr admits that Plaintiff tried to talk to him while he was running the chow line and he told Plaintiff he would talk to him after he finished his duties. Defendant Steberr denies shouting anything at Plaintiff.  Defendants Cooper, Henton, and Givens lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

**9.**

> He inturn started yelling as loud as he could -&- waving his arms in the air -&- counting. When I did not move he stepped foward -&- ran into me. NOTE: I WAS holding on to my pen in one hand -&- the letter from the Appellate Court in the other -So how could I be squeezing biceps -&- holding down ARMS-

**RESPONSE:** Defendant Steberr denies the allegations in paragraph 9.  Defendants Cooper, Henton, and Givens lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

**10.**



With L.T. Stibbr #12571 in my face yelling + counting
I turned + walked back to the cell. When my back was ~~turned~~
turned L.T. Stibbr grabbed my arm + the + the two C/o's
walked me to segregation without incedent. A REVIEW OF
the survelience video will prove EXACTLY WHAT I AM
CLAIMING OCCURRED... (See video of G-house JAN-12-17  3-11 shift.)

**RESPONSE:** Defendant Steberr admits counting the number of direct orders he made towards Plaintiff and admits having him taken to segregation.  Defendant Steberr denies yelling at Plaintiff.  Defendants deny that there is surveillance video in the cell house.  Defendants Cooper, Henton, and Givens lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 10.

**11.**

I was then written a ticket bougously + when I got the
ticket I discovered I was not only charged with assult but
also intimidation of threat. However this was not the end of
the assult of the assult against my personal liberty.

**RESPONSE:** Defendant Steberr admits writing a ticket regarding Plaintiff's actions.  Defendant Steberr denies the remaining allegations in paragraph 11.  Defendants Cooper, Henton, and Givens admit that Defendant Steberr wrote Plaintiff a ticket for assaulting him.  Defendants Cooper, Henton, and Givens lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 11.

**12.**

> On or about Jan 16, 2017 I heard "the fraudulent ticket for the assualt -&- intimidation of threat before L.T. Henton #10195 -&- C/o E. Cooper. Both men were in uniform -&- on duty. As L.T. Henton #10195 was in charge of the segregation unit. Which is a direct

> violates
> a.) The Chief Administeative officer (shall) Appount the Adjustment committie, which (shall) be composed of At least 2 members
>   1.) For Adults
>     (A.) A person Representing the counseling staff And-;
>     (B.) At least one minority staff member

**RESPONSE:** Defendants Henton and Cooper admit that they were members of the adjustment committee who held the hearing regarding the ticket that Defendant Steberr had written. Defendants Henton and Cooper admit that they were in uniform and on duty and that Defendant Cooper serves as a minority member of the adjustment committee. Defendants Henton, Cooper, Givens admit that they make an effort to have a member of the counseling staff serve on the adjustment committee, schedules permitting. Defendants Henton, Cooper, and Givens lack knowledge of the remaining allegations in paragraph 12. Defendants assert that part of paragraph 12 is illegible. Defendant Stiberr lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

**13.**

This mandatory rule/law clearly states (shall) be composed of at least 2 members -&- one (shall) be representing the counseling staff (impartial party)... SHALL = HAS A duty to -or- more broadly is Required to (Black's Law Dictionary), So there is no getting around or waiving the impartial persons presence when hearing major ticket infractions. When L.T. Henton #10195-3- % Cooper heard the Jan 12-2017 ticket for 102-3-206 in uniform -&- actively on duty - They disregarded the Administrative Directives - Which is a common everyday practice in Lawrence - As grievances go unanswered - disapear -or- end up in the hands of staff - ☒

**RESPONSE:** **Defendants Henton, Cooper, and Givens deny disregarding any Administrative Directives. Defendants deny violating Plaintiff's constitutional rights. Defendants Henton and Cooper admit that they were in uniform and on duty, but deny that this is in violation of any administrative directive. Defendants Henton, Cooper, and Givens admit that an effort is made to include a member of the counseling staff, schedules permitting. Defendants Henton, Cooper, Givens lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 13. Defendant Stiberr lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.**

**14.**

> Forcing me to write directly to the Administrative Review Board on March 3 2017 asking that an impartial party outside of Lawrence review the grievance – & threats to my health/safety dates 1-24-17. As the grievance guide lines provide room for such action if the issue is not resolved by the Chief Administrative Officer (Warden Lamb). Instead providing this impartial review or any form of relief Mr. David White of the A.R.B. rubber stamped the grievance inspite of it being marked emergency – & having a reply from the (C.A.O) Warden Lamb. Mr. White overlooked the clear violation to my liberty – & requested information that was already there (SEE EX C. Administrative Review Board Return of Grievance or Correspondence form) (SEE EX D. letter to Admin-Review Board.)

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.  The court dismissed the claims against Mr. White in its merit review in case number 17-1067. (Court Doc. 1).

**15.**

> "The reason the Administrative Codes were established – & upheld as law by I.D.O.C. is not only to insure inmates received a fair hearing – & impartial investigation. But also to secure fundimental fairness as 20 Ill ADMIN-CODE 504.70 A.) – & 20 Ill ADMIN-CODE CH I Sec 701.160 are there to insure prison officials CAN NOT take a prisoners liberty -or- property arbitrarily – & that they must provide procedures that will prevent arbitrariness... When the Illinois legislative branch drafted the ADMIN-CODES (504-701) with mandatory language such as (shall). They created a liberty intrest that is protected under the U.S. Constitution."

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.

**16.**

> These forementioned codes have created a liberty intrest that
> limits the discretion of the officials - ₹ When Warden Lamb

> Signed off on the final report (SUMMARY REPORT SEE EX. E ) of
> L. T. Henton #10195 -₹-% F. Cooper - Sentencing me to Serve three
> months punitive segregation - three months C-grade - three months
> Commissary restriction - three months loss of good time - ₹ Six
> months of contact-visit restriction. He solidified not only the
> deprivation of my liberty - but also failed to insure or afford me
> the proper procedures - ₹- due process mandated in the
> explicitly mandatory language found in ~~the prison~~
>     20 Ill ADMIN-CODE 504. 70 -₹ 20 Ill ADMIN CODE CH I
> Sec 701.160, These actions or the lack there of have left me
> wrongfully reclassified as a "STAFF ASSULTER", As the
> formentioned disciplinary ruling has affected my eligibility
> for good time - ₹ other privledges - ₹ has Collateral consequences
> of grossly undue punishment - unnecessary verbal abuse as
> well as physical abuse. in the form of retaliation that will
> be clarified in paragraph #2 of this claim - ₹- the attached
> injunction...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants Henton and Cooper admit that they recommended that Warden Lamb sentence Plaintiff to 3 months segregation, 3 months C grade status, 3 months commissary restriction, and 6 months contact visit restriction.  Defendants Henton and Cooper deny that Plaintiff lost any good time or that they made that recommendation.  Defendants admit that Plaintiff's assault of Defendant Steber classified him as a "staff assaulter."  Defendants deny physically and verbally assaulting Plaintiff.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16.  The Court dismissed the claims against Warden Lamb in its merit review in case number 17-1067. (Court Doc. 1).

**17.**

√ With the mandatory rules & language being ignored by Warden Lamb, L.T. Henton #10195 % E. Cooper -&- David White (A.R.B.); the ticket hearing -&- it's decission for or against me are illegitimate and can not stand. As the adjust comittie was composed of two correctional officers eliminating the required impartial counseling staff / impartial person; as the language (SHALL) gaurantees: Therefore any -&- all decissions regarding these charges must be expunged from my record. As 20 Ill ADMIN-CODE 504.80 Mandates the (impartial) adjustment comittie, hearing (SHALL) be convened but not concluded in 14 days. (14 days has long past -&- the hearing wrongfully concluded.) Unlawfully as it was impartial with 2 %(s) hearing -&- rendering it's final decission on the same day. A decission devoid of due process -&- finalyzed by Warden Lamb on 1-17-17~

**RESPONSE: Defendants Henton, Cooper, Givens admit that they include a trained member of the counseling staff on the adjustment committee, when schedules permit. Defendants Henton, Cooper, and Givens admit that they must hear tickets within 14 days. Defendants deny violating Plaintiff's constitutional rights. Defendants deny that the ticket must be expunged. Defendants Henton, Cooper, and Givens lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 17. Defendant Steberr lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17. The court dismissed the claims against Warden Lamb and Mr. White in its merit review in case number 17-1067. (Court Doc. 1).**

**18.**

> To add insult to injury L.T. Stibbrr# 12571 came to the cell I was in Seg-B-L-3 on/about 1-21-17 on 3 to 11 shift -s- said "Your going to ROTT back here PATTERSON" -s- tossed my grievances regarding the 1-12-17 false staff assult -s- threat form in half into the crack of the door. Forcing ME to mail the grievances dated 1-24-17 -s- 1-25-17 (SEE EX F -s- G. ) directly to my family. Who inturn mailed them to the A.R.B.... Who through a letter dated March 3-2017 I requested that the A.R.B review the emergency grievance impartially as there had been serious threats made to my health -s- as the officials at Lawrence refuse to follow established

> 20 ILL ADMIN CODE 504... Mr. Dave White was the person who responded for the (A.R.B.) unfortunately he refused/failed to provide any form of remedy as was in his power to do so. :NOTE: Counselor Ray was removed from being the Segregation counselor for not responding to grievances -s- allowing inmate grievances to end up in the hands of Staff....

**RESPONSE: Defendant Steberr denies making the statement contained in paragraph 18. Defendant Steberr lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 18. Defendants Henton, Cooper, and Givens lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 18. The court dismissed the claims against Mr. White and Mr. Ray in its merit review in case number 17-1067. (Court Doc. 1).**

**19.**

> Also L.T. Stibbrr #12571 is often the (shift Commander) so he operates with a cloak of immunity here in Lawrence.

**RESPONSE: Defendants deny the allegations in paragraph 19.**

**20.**

> Do to all of these actions or the lack there of I fear
> for my safety -&- mental well being. As the officials here at Lawrence
> from Chief Administrative Officer Nicholas Lamb - (shift commander)
> Lt. Stibbvr #12571 - C/o Buckles #5031 - Lt. Henton #10195 -
> C/o F. Cooper -&- several other Lt(s) -&- C/o's along with I.D.O.C
> Director John Baldwin -&- A.R.B member David White. Have
> all played a roll in directly violating my constitutional rights
> by subjecting me to cruel -&- unusual punishment - opening -&-
> confiscating clearly marked privileged mail - Deliberately
> refusing to remedy said problems after being made aware - Violating
> my due process -&- Retaliating against me for exercising
> my protected right to the court -&- grievance process.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.  (Court Doc. 1).  The Court severed the claim against Defendant Buckels in its merit review in case number 17-1067.   The Court dismissed claims against Acting Director Balwin, Warden Lamb, and Mr. White in its merit review in case number 17-1067.  (Court Doc. 1).**

**21.**

> The due process violation did not stop there. As the adjustment
> committee hearing violated more than 20 Ill ADMiN CODE(S)
> 504.70 a.) - CH I. 701.160 H.) in Which guarantees major
> ticket hearing violations (shall) be before at least one minority
> -&- one impartial person - which may include a public member.
> They also violated 20 Ill ADMiN CODE(s) CH. I 504.60 -&- 504.80
> Which occurred when hearing officer Givens #6092 served me
> the disciplinary report on 4-13-17. Upon delivery I read it -&-
> requested that he review the surveillance video - as it would
> prove I never touched - grabed - nor assulted shift commander
> Lt. Stibbvr #12571

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants deny that there was surveillance video in the cell house.  Defendants deny that there was not a minority serving on the adjustment committee.  Defendants deny that untrained individuals are able to serve on the adjustment committee.  Defendants Henton, Cooper, and Givens**

admit that Defendant Givens served Plaintiff with the disciplinary ticket. Defendant Givens admits that Plaintiff mentioned surveillance video at some point in time. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 21. The Court severed these claims in its merit review in case number 17-1067. (Court Doc. 1).

22.

That night (1-13-17) I prepared a grievance -&- submitted it to counselor Ray. I also submitted a written statement to the investigation -&- Adjustment committees. In those statement -&- grievance I requested that the video from 1-12-17 for housing unit for 6-B on the 3 to 11 shift be preserved -&- reviewed by the investigating officer to prove my innocence before the hearing committee. Because if the incident occurred the way L.T. Stifbrr #1257 said, then the video would clearly show me grabbing him by his biceps -&- shoving him backwards- being followed by L.T. Stifbrr -&- % Rve #6156 restraining me. -&- bringing me to seg. Thus I requested the surveillence video to be my witness. It's an open -&- shut case...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendants Henton, Cooper, and Givens deny that Plaintiff submitted a written statement to them. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 22. The Court dismissed the claims against Mr. Ray in its merit review in case number 17-1067. (Court Doc. 1).

**23.**

> Hearing investigator X/wens #6092 directly failed/refused to
> to do his mandatory duty as approved by (C.A.O.) Warden Lamb;
> under 20 Ill ADMIN-CODE CH. I sec 504.60 which states...
> Section 504.60 (d.) (e.) state
> (d.) The hEARING INVESTIGATOR MAY INTERVIEW ANY PERSON WHO
> MAY HAVE INFORMATION that Relates to the Alleged violation -$-
> MAY INSPECT ANY physical evidence (SURVEILLANCE video)
>
> (e.) The hEARING INVESTIGATOR (ShAll) determine whether or not
> to submit A report to the Adjustment comittee, based upon the
> Results of the iNVESTIGAtION. However, if the iNVESTIGAtION REVEAls
> evidence of A CONVINCING NATURE that the offender did not
> Commit the offense, the evidence MUST be Reported to Committee.
> : MUST BE REPORTED TO THE Committee :

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendant Givens denies the allegations in paragraph 23. Defendants deny that there was surveillance video in the cell house. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 23.

**24.**

> In the instant case based upon the severity of the offense
> hearing investigator X/wens #6092 had a clear/mandatory duty to
> investigate/inspect any physical evidence related to the alleged
> charge (surveillence video). That investigation would have revealed
> surveillance evidence of a convincing nature that I did not
> commit the assult against Lt. Stibbrr.#12571. The video can
> clearly prove I'm innocent -$- as hearing investigator X/wens
> #6092 had a duty to report the video evidence to the adjust-
> -ment committee, as the language requires in 504.60 (e.)
> "THE Evidence (MUST) BE Reported to the Committee"...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendant Givens admits that he has a duty to investigate physical evidence, but denies that any physical evidence existed in this

case.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 24.

**25.**

> The refusal to follow written procedures continued as hearing investigator *Givens* #6092 never mentions in his report ever reviewing said video from (6-B on 1-12-17 - 3 to 11 shift). Even after the written request. This refusal of duty violated my due process as givens refused/failed to conduct an investigation -&- submit the evidence to prove my innocence before he submitted the disciplin-ary report to the adjustment committee...Compounding the due process -&- retaliation I've suffered at the hands of the officials here at Lawrence -&- causing me to do 120 days unlawfully in punitive segregation -&- to be classified as a Staff assaulter.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants deny that there was video surveillance in the cell house.  Defendant Givens denies that he refused or failed to investigate the incident.  Defendants Givens, Henton, and Cooper deny that Plaintiff provided them with a written statement.  Defendants admit that Plaintiff's assault of Defendant Steberr classified him as a staff assaulter.  Defendants deny that their actions were in retaliation for anything.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 25.**

**26.**

> To further the constitutional deprivations against me, the adjustment committee who I went before on 1-16-17 found me guilty on the very same day they heard the ticket. Without viewing the surveillance video inspite my written request on 1-13-17... On 1-16-17- the impartial adjustment committee Lt. Henton #10195 -&- C/O E. Cooper two uniform officers violating 20 Ill ADMIN CODE 504.70 Sec 701.160 found me guilty of all charges. Basing their decision solely off of the fraudulent ticket written by (shift COMMANDER) L.T. Stibbin #12571 (See EX H. FINAL SUMMARY)

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants deny that there was video surveillance in the cell house.  Defendants Givens, Henton, and Cooper deny that Plaintiff provided them with a written statement.  Defendants Henton and Cooper admit to recommending to the Warden that Plaintiff be found guilty, but deny making their recommendation based only on the ticket that Defendant Steberr wrote.  Defendants Henton**

and Cooper deny that their decision is the final decision. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 26.

27.



**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants Henton, Cooper, and Givens, deny receiving a written statement from Plaintiff.  Defendants deny that there was surveillance video in the cell house.   Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 27.

28.



**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants Henton, Cooper, and Givens deny the allegations in paragraph 28.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28.

**29.**

> When the two unformed officer's (one being a **SEG.LT**) acted
> an the adjustment committee -& refused to view evidence of my
> innocence; they not only violated my right to liberty but also
> 504.80 (c.) which states...
>   (c.) The offender (shall) be informed before or At the hearing
>     of information that would tend to show that the offender was
>   not guilty... (Surveillance Video.)

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendants Henton, Copper, and Givens deny the allegation in paragraph 29. Defendant Steberr lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29.**

**30.**

> Inspite of me following the rules -& informing the investigator
> -& adjustment committee in writing -& verbally in advance of the
> ticket hearing, that the surveillance video of 6-House B-wing 3-11 shift
> on 1-12-17 would prove my innocence they never viewed the evidence -&-
> based their decission of off a superiors reports. Further
> violating my procedural due process under 504.60 (g.) stating...
>   (g.) The comittee (shall) consider All material presented
>     that is Relevant to the issue of whether, or not
>       the offender committed the offense...

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendants Henton, Cooper, and Givens deny receiving a written statement from Plaintiff and deny not following procedure. Defendant Steberr lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30.**

**31.**

From the clear facts it is clear the adjustment committee lacks impartiality, as they refused to consider my request and view the exonerating evidence violating 504.80 (1.) - & - (2.) which state: (1-5-2) If exonerating evidence is presented - & - disregarded the committee must state the basis for disregarding the evidence...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants Henton and Cooper deny the allegations in paragraph 31. Defendants deny that there was surveillance video in the cell house. Defendant Steberr and Givens lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31.

**32.**

In the adjustment committee 1-16-17 final report (Ex. H.) they never mentioned why they disregarded my written statement or verbal request to view the surveillance video. This is because segregation L.T. Henton #10195 - & - % E. Cooper lack the impartiality that 20 III ADMIN-CODE 504.80(d.) was designed to provide. As these two uniformed officers are direct subordinates of "shift commander" L.T. Steberr #1257, thereby it would be frowned upon for them to throw out an assult ticket against their superior officer fraudulent or not. These officers knew the charges were made up. ~~these were completely untrue~~ But had to give

me some punishment. It is an unwritten policy/culture in Lawrence to not only go by there own rules not I.D.O.C. (s) but to punish inmates who excercise their rights to the courts

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants Henton, Cooper, and Givens deny receiving a written statement from Plaintiff. Defendants deny that there was surveillance video in the cell house. Defendants Henton and Cooper deny that they lack impartiality. Defendant Henton denies that Defendant Steberr was his superior officer. Defendants Henton and Cooper deny the remaining allegations contained in paragraph 32. Defendants Givens and Steberr lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32.

**33.**

> This is why the safe gaurds in 504.70(a) are the prerequisite for any adjustment hearing as the mandatory langue (shall) requires one of the hearing members to be a NONE officer, but counseling staff or impartial person. To avoid inmates from loosing property on their liberty arbitrarily; as the two hearing officers subjected plaintiff to such loss when refused/failed to use the surveillance video to prove his innocence violating 504.80 (J.)
>
> (J.) The adjustment committee (shall) decide whether or not the offender is guilty based upon Relevant info/evidence
>
> * IS THERE ANYTHING MORE RELEVANT(impartial) THAN surveillance Video *

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants Henton and Cooper deny that they were not allowed to serve as members of the adjustment committee. Defendants Henton and Cooper admit that efforts are made to include counseling staff on the adjustment committee, schedules permitting. Defendants deny that there was surveillance video in the cell house. Defendants Henton and Cooper deny that their decision is the final decision regarding Plaintiff's guilt. Defendants Steberr and Givens lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33.

**34.**

> When (C.A.O) Warden Lamb rubber stamped the adjustment committee decission. Despite the lack of evidence substantiate the 102-8-206, they to just push the grievance on there issue away (SEE EX F. 5-G.) he disregaurded my right to an impartial hearing in averance of the unwritten policy-&-culture established in Lawrence. Which violates the legislative law of the I.D.O.C. that Safegaurds -&-insures that inmates receive a fair investigation -&- ticket hearing before being deprived of their property or liberty. Per ADMIN CODE CH. I. 504 -&- U.S. Constitution.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 34. The Court dismissed Plaintiff's claims against Warden Lamb in its merit review in case number 17-1067. (Court Doc. 1).

<u>35.</u>

> In closing the plaintiff ask the court to see that Warden Lamb
> & director J. Baldwin have allowed the actions against him to snowball.
> As I've written both directly (the director was sent Affidavit) explaining to them
> the violations & retaliation he's dealt with since his arrival on 11-4-16
> Due to me excercising my right to the court – legal mail – Judges calls-
> Attorney calls – & grievance process, I have also sent Warden Lamb
> several emergency grievances asking for relief, but as of date he merely
> rubber stamped them. Out of fear for my safety I had my family mail
> these grievances (See Ex. E & E.) directly to Warden Lamb, the A.R.B.
> (Mr. David Smith) – the Northern District Federal Court – & an Affidavit
> with grievance to director J. Baldwin (See Ex. I.)

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35.  The Court dismissed Plaintiff's claims against Warden Lamb and Acting Director Baldwin in its merit review in case number 17-1067.  (Court Doc. 1).

<u>36.</u>

> It has been Director Baldwin's – David Smith (A.R.B) & Warden
> Lamb's failure/refusal to ensure that inmates such as myself, who
> excercise their right to the courts while in I.D.O.C/Lawrence are not
> repeatedly faced with retaliation (like being left in hard cuffs for hours.) &
> it has been their failings/refusal to ensure all investigations
> against me were impartial per 504.90 (a) (2) that has directly
> allowed the unwritten policy of punishing or braking
> inmates who excercise their rights to flurish.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36.  The Court dismissed Plaintiff's claims against Warden Lamb, David White, and Acting Director Baldwin in its merit review in case number 17-1067. (Court Doc. 1).

**37.**

> 067-MJR-SCW   Document 1   Filed 10/04/17   Page 18 of 38   Page ID #18
>
> *All of the prementioned statues - rules - & codes in this claim have specific language such as (shall) which has created a liberty intrest that limits the discretion of the officials - & when Warden Lamb signed off on the final Summary Report on 1-17-17 he ignored the mandatory language - & rules. With these codes being disregaurded the investigation (or lick there of), the hearing - & it's final decissions are illegitimate - & can not stand. As the entire process violated my right to due process - & 20 Ill ADMIN CODE 504 as it was done without impartiality.*

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37. The Court dismissed Plaintiff's claims against Warden Lamb in its merit review in case number 17-1067. (Court Doc. 1).

**38.**

> *Violating my Eigth Amendment right to "live free of cruel - & unusual punishment free of retaliation, - to have free access to the courts. As the defendants here have (opened/read - confescated legal mail clearly marked privilidged - hindered law library access - harassed me after legal calls - writen fraudulent tickets after legal calls - sentenced me to 120 days (total) punative segregation - 6 mon visiting restrictions - & reclassified me as a "staff Assolter", which has set forth an entire land slide of gross undue punishment & retaliation.*

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendant Steberr denies that he wrote Plaintiff a fraudulent ticket. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 38.

**39.**

> 2.) The following paragraph(s) will show how plaintiff was subjected to retaliation (due to him excercising his right to the court/grievance process -&- being wrongfully reclassified as "staff assultee". - Cruel -&- Unusual Punishment (physical violence - threat of sexual violence - racial harrassment - terror of instant -&- unexpected death - mental anguish - gratuitous fear -&- false charges/direct punishment...)
>                              : See Attached Injunction for Greater Detail :

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants admit that Plaintiff's assault of Defendant Steberr classified him as a "staff assaulter." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 39. (Court Doc. 1).**

**40.**

> As set forth in paragraph one in this claim when I arrived in Lawrence from Stateville on 11-4-16 (transferred do to good behavior -&- being gang free -&- weapon/drug violation free). I was in the middle of both my criminal appeal -&- a civil issue. So legal transcripts - books -&- documents made up most of my property. Soon after arrival in Lawrence I started receiving legal mail -&- judges/attorney calls regarding these matters. The harassment -&- retaliation began soon there after. As the defendants c/o D. Johnson #7275 - c/o Buckles #5031 - L.T.L. McCarthy - Lt. A. Stubby #12571 - Lt. M. McCarthy - c/o Summers - c/o Goodrum - Lt. Henton #10195   c/o E. Cooper - c/o Givens #6092; have directly commented on the fact of me receiving legal calls - legal mail - being involved in the legal process - having property consisting mainly of legal work or directly hindered access to the courts out of retaliation -&- or sentenced me to punitive segregation - wrote fraudulent tickets -or- directly over looked their subordinates actions due to me excercising my right to the court. While pointing me

)67-MJR-SCW   Document 1   Filed 10/04/17   Page 19 of 38   Page ID #19

> A FREE VACATION"... At no point did the over seeing officials Lievenants -or- Wardens N. Lamb - Administrative Review Board (A.R.B.) D. White -or- C. I.D.O.C Director Baldwin; step in to stop or prevent the following actions. The only c/o to attempt to defuse any of this was c/o Z (to be i.d. later)

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants deny commenting on Plaintiff's legal situation and Defendant Steberr denies writing Plaintiff a fraudulent ticket.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40.  Defendants note that part of paragraph 40 is illegible.  The Court dismissed the claims against Defendants Lamb, M. McCarthy, Goodrum, Baldwin, and White in its merit review in case number 17-1067.  (Court Doc. 1).

**41.**

> On or about 11-7/11-8 2016 myself -&- several inmates mostly hispanic returned from clothing. When we returned to wing (1-C) c/o D. Johnson started yelling -&- speaking foul to us for no reason. He even used racial slurs calling the young men "Banditos". The situation became so heated I had to tell the young men, who I knew from Statelille to ignore. c/o D. Johnson #7275. Then he started cursing -&- yelling at me directly -&- I had to inform c/o Johnson that I'm not a child. If there's a problem let me know what it is I'll correct it. Over the next week c/o D. Johnson directly cursed -&- yelled at me for no _____ violation of the rules. This problem became so intense that on Nov-10-16, I had to speak to the (1-C) house L.t. L. McCarthy about the berating racial remarks of c/o D. Johnson. Lt L. McCarthy did nothing.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41.  The Court severed the claims against Defendants Johnson and L. McCarthy in its merit review in case number 17-1067.  (Court Doc. 1).

**42.**

> On Nov-12-2016 I went -&- received my property that came from the last institution. Once c/o D. Johnson seen that it was mostly legal work -&- looks, he became even more hostile toward me -&- the remarks, name calling of "Judge Judy" - "He'll sue you" soon began. On or about Nov 14-2016 while at nurse sick call officer D. Johnson #7275 stood in the door way of the glass front office watching me -&- the nurse. When I asked to speak to the nurse in private per H.I.P.P.A (Medical Privacy Act) c/o D. Johnson became so irrate that when I left the nurse, he stopped me infront of the door leading back to (1-C) unit -&- yelled "What did you say you'll do to me - do it now". He refused to open the door to let me in -&- as he yelled officer Z (to be i.d later) came over -&- told c/o D. Johnson he had this.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42. The Court severed the claims against Defendant Johnson in its merit review in case number 17-1067. (Court Doc. 1).**

**43.**

> Five minutes after being let into the cell by c/o Z "peacefully" c/o D. Johnson came to the cell I was held in (1-C-upper 15) -&- asked "what's it going to be". I intern wrote the grievance dated 11-14-16 (see Ex J.). However as of date due to an unwritten policy or culture in Lawrence, this grievance -&- two others on c/o D. Johnson threatening me -&- calling me racial slurs has disapeared -&- remain unanswered on the grievance officer level for one -&- counselors level for two. Directly hindering my access to the court - as inmates are barred from seeking any relief if they have not exhausted their administrative remedies. However in Lawrence these remedies are far to often not available or blocked purposely by indiffent staff.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43. The Court severed the claims against Defendant Johnson in its merit review in case number 17-1067. (Court Doc. 1).**

**44.**

In late Nov - my legal mail started being handed to me opened - & read inspite of it clearly being marked (Privileged Mail) This is against 20 Ill ADMin CODE CH. I 701.180 mail Procedure (P.) stating "Privileged MAIL shall be opened in the presence of the detainee... Several grievances were written on this issue as well only these were not returned by the 6-house Counselor - As the culture of Lawrence is not to return inmate grievances in an effort to discourage grievance writing.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44.  The Court severed the claims against Defendants Buckel and Summer in its merit review in case number 17-1067.  (Court Doc. 1).**

**45.**

In Dec 2016 I received several judges - & attorney calls. Everytime I exited these calls the C/o (s) in the control booth would refuse to let me back in the unit unless I told him who I spoke to...

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45.**

**46.**

> In the first week of January 2017 I received an attorney call followed by a judges call the next day. That night on 3/11 shift C/o Buckles #5031 came to my door again with opened privileged mail from my attorney. When I asked him why he opened my mail C/o Buckles #5031 stated "WE GONE MAKE SURE YOU DON'T SUE NOBODY HERE"... We exchanged words and he moved on. Later that night when they ran chow C/o Buckles -&- the L.T. stood infront of the cell I was in 6-B-Lower 10 while running chow. C/o Buckles #5031 opened the door wide open -&- asked if I still had an issue. This is unusual because the L.t -&- C/o(s) stand at the back of the wing not in the middle, where 6-B-Lower10 is located. (A look at the surveillance video will prove this.) I said nothing to C/o Buckles -&- did not go to chow to avoid a situation.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46. The Court severed the claims against Defendant Buckels in its merit review in case number 17-1067. (Court Doc. 1).

**47.**

> Approximately 3-4 days later I received a ticket dated 1-10-17. For a 307: Unauthorized movement: Stating I was in the dayroom during upper decks day-room (written in way to show I broke out the cell)... This ticket was written by C/o Buckles #5031 in an effort to bring disciplinary actions against me since he could not provoke a physical reaction from me. If it were not for my receipt having the time on it proving I was in the commissary at the time C/o Buckles said I "broke" out the cell - worse case scenario I could have been charged with an escape...

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47. The Court severed the claims against Defendant Buckels in its merit review in case number 17-1067. (Court Doc. 1).

**48.**

> Once it was clear I would be cleared of this ticket. As I showed the major my receipt (SEE EX. A receipt) over the next two days when ever the L.t -s- C/o(s) ran chow they would come -s- stand infront of my cell - open the door all the way - but say nothing.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48.  The Court severed the claims against Defendant Buckels in its merit review in case number 17-1067.  (Court Doc. 1).

**49.**

> On Jan-12-2017 C/o Summer -or- Summers - came to my cell with legal mail from the Fourth District Appellate Court. As I signed the receipt (to prove Reception of mail) C/o Summer went through the envelope from the Appellate Court taking part of the transcripts enclosed -s- a self addressed envelope. When I asked him what he was doing he said I could not have the envelope. (+ by default the documents) I tried to point out to him that the Appellate Court gave me strict directions to sign the documents he kept -s- return them back to them at once. I literally let him read the paragraph. (SEE EX B.) Yet, He still took the transcripts. Do to this I requested to see the L.t...

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49.  The Court severed the claims against Defendant Summer in its merit review in case number 17-1067.  (Court Doc. 1).

**50.**

> About 15-20 minutes later Lt. Stebber #12571 came to run chow -&- I came out of the cell to speak to him. He told me he had work to do; Sign the book -&- to wait. When I tried to follow him the 2 %(s) stoped me. When Lt. Stibber #12571 came from the back I tried to show him the letter from the Appellate court. He in turn started shouting "I Already Know what you want -&- you can't have it"... I inturn underlined the sentence of the Appellate Court (SEE EX B. Letter From Appellate Court.) -&- with paper in one hand, pen in the other tried to show Lt. Stibber #12571 that I NEEDED the documents NOT the ENVELOPE. He inturn started yelling as loud as he could -&- waiving his arms in the air -&- counting. WHEN I DID NOT MOVE HE STEPPED FOWARD -&- RAN INTO ME: NOTE: I WAS holding ON TO MY PEN IN ONE HAND -&- the letter FROM the Appellate Court IN THE OTHER: — SO HOW COULD I BE SQUEEZING BICEPS -&- Holding ARMS —

**RESPONSE: Defendant Steberr admits that Plaintiff tried to talk to him while he was running the chow line and he told Plaintiff he would talk to him after he finished his duties. Defendant Steberr denies shouting anything at Plaintiff. Defendant Steberr admits to counting his direct orders to Plaintiff. Defendant Stibberr denies running into Plaintiff. Defendants Cooper, Henton, and Givens lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50.**

**51.**

> With Lt. Stibber #12571 in my face yelling -&- counting I turned -&- walked back to the cell. When my back was turned Lt. Stebber #12571 grabbed my arm -&- he -&- two %'s cuffed me up -&- walked me to segregation, with out incident. A REVIEW OF THE SURVEILLANCE VIDEO WILL PROVE EXACTLY WHAT I'm SAYING...

**RESPONSE: Defendant Steberr denies being in Plaintiff's face yelling at him. Defendant Steberr admits to counting his direct orders to Plaintiff. Defendant Steberr admits to Plaintiff being handcuffed and taken to segregation. Defendants deny that there was surveillance video in the cell house. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51.**

**52.**

When I got the ticket that's when I discovered I not only had a fraudulent intimidation of threat but a Staff assault as well. However this was not the end of the attacks against my personal liberty. Due to the fraudulent charges of 102: Assaulting any person -3- 206: Intimidation of threats, I was not given a fair adjustment hearing on 1-16-17 as required by law 20 Ill Administrative Code 504 -§- 20 Ill ADMIN CODE CH. I section 701.160(H). Which included mandatory laws are in place to insure prison officials can not take prisoners liberty or property, arbitraily.

**RESPONSE:** Defendant Steberr admits to writing Plaintiff a ticket for assaulting him. Defendant Steberr denies that the ticket was fraudulent. Defendants Henton, Cooper, and Givens deny that Plaintiff was not given a fair adjustment committee hearing. Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 52.

**53.**

However on 1-16-17 the adjustment committee "hearing"

officers were segregation L.T. Henton #10195 -3- %0 E. Cooper two uniform C/o(s). Directly violating the forementioned statues 20 Ill ADMIN CODE 504.70 (a). (As claimed in paragraph one of this claim.) - purposely as it is the practice of Lawrence to have two officers hearing major tickets (not to investigate tickets -etc.) A short random review of major tickets heard in Lawrence over the last year July 2016 - July 2017 will prove with material fact Lawrence officials choose to directly disregaurd the entire Administrative Code regaurding ticket hearings/investigation as Warden Lamb continues to rubber stamp these actions. Actions that allowed to impartial uniformed officers to HEAR A FRAUDULENT TICKET WRITTEN AGAINST ME BY THEIR SUPERIOR OFFICER. (Shift Commander Lt. Stibbrr #12571.) Rendered an impartial decission against me, in favor of their superior officer. Arbitrarly sentenced me to 4 months of segregation-loss of visiting privileges - loss of good time -& reclassification as staff assultor

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendant Henton denies that Defendant Steberr was his superior officer. Defendant Steberr denies that he wrote a fraudulent ticket against Plaintiff. Defendants Henton and Cooper deny that their recommendation to the warden was arbitrary. Defendants Henton, Cooper, and Givens deny that the way they conduct adjustment committee proceedings violates anyone's rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 53. The court dismissed any claims against Warden Lamb in its merit review in case number 17-1067. (Court Doc. 1).

**54.**

> If these two hearing officers—seg L. T. Henton #
> 10/95 % F. Cooper—&—ticket investigation officer Givens #
> 6092 would have done their job as directed by law.
> (see paragraph one to learn complete duty—&—mandatory language) They
> would have reviewed the surveillance video / spoken to
> witnesses—&—discovered that their superior officer was
> not assulted by me as alleged—&—that this ticket
> was written falsely because I had not only proven
> C/o Buckles # 5031 ticket was fraudulent (SEE EX K.
> Ticket Expunged) but was also known to be engaged in
> exercising my right to the courts—&—the grievance
> process against prison officials. As C/o Buckles # 5031
> stated ... "We gone MAKE SURE you don't sue nobody here".

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendant Steberr denies that he wrote a fraudulent ticket against Plaintiff. Defendants deny that their actions were in retaliation to Plaintiff's exercising his right to access the court or engage in the grievance process. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 54. The Court severed the claims against Defendant Buckels in its merit review in case number 17-1067. (Court Doc. 1).

**55.**

> ° NOTE °
> THE PLAINTIFF would like the court to
> see that the defendants Actions Against him have
> occurred either AFTER A legal CALL —or— the reception
> of legal MAil ...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55.

**56.**

> On Jan-21-17 on the 3-11 shift Shift Commander L.T. Stebbrr came to the Seg cell where I was held (seg-B-lower-3) -s- let me know "Your going to Rott back here Patterson" before tossing the grievance I wrote. on the "fake" staff assault through the crack of the door. Forcing me to mail these grievances "cries for justice" via family to the I.D.O.C Director - Baldwin-s- the A.R.B (MR D. White). Who ignored the grievances without a

> reply -or- rubber stamped them (Ex R -s- G- grievances dated 1-25-17-s- 1-24-17) The impartial adjustment committee's disciplinary ruling was based "only" on (shift commander) L.T. Stebbrr #12571 report not the impartial Surveilance video (see Ex H. Adjustment committee Final Summary Report dated 1-16-17). Thus these rulings have not only effected my elegibility for good time but has had collateral consequences of retaliation inflicting gross undue punishment -s- unnecessary verbal abuse at the hands of the defendants due to being falsely labeled a "staff Assulter". As the following issues occurred after -or- due to false "Reclassification", while held in segregation for the charge.

**RESPONSE: Defendants** deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendant Steberr denies making the statement alleged in paragraph 56. Defendant Steberr denies writing a fraudulent ticket against Plaintiff. Defendants Henton and Cooper deny that their recommendation was made solely on Defendant Steberr's report. Defendants admit that Plaintiff's assault of Defendant Steberr made him a "staff assaulter." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 56.

**57.**

> 1.) On Feb 20, 2017 at approximately 7:30 am Sgt. Casburn came to the cell I was in (seg B-lower-3) woke me up & told me. "PATTERSON your getting A celly"... I asked him who & he said lower seven cell. Not carrying I went back to sleep. About an hour later Sgt Casburn came back & told me I was now getting inmate Williams as a celly. He then went & informed inmate Williams that he was being moved.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57.  The court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067.  (Court Doc. 1).**

**58.**

> 2.) When this happened the gallery started yelling & informing me that inmate Williams was the inmate who had been yelling & kicking the door for the last two days. (All night without stopping - the noise was maddening...) This inmate has an extensive history of mental illness & claps while he talks & as recently as two weeks ago (late Jan - Early Feb) had to be rushed to an outside hospital due to a suicide attempt. This same inmate has a long history of assulting staff by throwing human feces ~~feces~~ into their faces. (Documented Fact)

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 58.  The court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067.  (Court Doc. 1).**

**59.**

> This same inmate who has a long list of suicide attempts is also known for smearing fical matter all over his body - & - face. (Documented Facts)



**RESPONSE: Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59.**

**60.**



3.) Yet on Feb 20, 2017 out of the blue S.Gt. Casburn #10828 decides to take this inmate who is listed as clincally insane - & move him out of the cell he was in ALONE where, he was no threat to anyone - & move him into the cell with me. At the time S.Gt Casburn #10828 tried to move Williams into the cell with me, there were 2 empty cells on the gallery - & a vast number of inmates wanting to receive cell mates.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60.  The court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067.  (Court Doc. 1).

**61.**

The question REMAINS why would the officials here At Lawrence SGT. Casburn #10825, move A feces throwing madman out of A perfectly good cell, where he was No threat to Anyone into a cell with Another person...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61.  The court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067.  (Court Doc. 1).

**62.**

> 4.) The only logical explaination is to create a situation where the petitioner will be forced to harm -or- get harmed by the mentally insane inmate. There is no way of telling to what extreme one would have to defend himself against one who is clinically (KNOWN) -&- willing to kill himself... Thus I refused to except the feces throwing - door kicking - all night hollering - fecal smearing - suicidal inmate into the cell with me.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62. The court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067. (Court Doc. 1).**

**63.**

> 5.) After a call with Honorable Judge Roland (U.S. Dist - Court Northern District) I was left chained to a stool - where I made the call from for hours. While the shackles around my ankles cut off all circulation to me feet. For approximately 3 hours I was ignored by the C/o (s) -&- left to suffer as my limbs went numb.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63.**

**64.**

> 6.) On Feb 18, 2017 after receiving a visit from my mother I was brought back to the cell - & left in a wrist chain (hands cuffed to my side with chain around wrist) for approximately 40-50 min in the cell for no reason at all.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64.**

**65.**

> 7.) On Feb 8, 2017 after my legal call with Honorable Judge Rowland (U.S. Dist Court - Northern Dist) I was asked repeatedly by the officers standing right outside the door listening - "Why did I get a Judge involved?" I when I told them because they left me chained to the stool for hours last time, they all laughed. (This is just amusement to the C/O(s) in Lawrence.)

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65.**

**66.**

> For the %(s) in Segregation on Feb-8,2017 amidst meant the handcuffs were slamed on my wrist so tight after the legal call. It seemed as if they cut into my wrist bone. When I complained of the pain I was lead back to the cell ~~█████████~~ And left cuffed hands behind my BACK in the cell for what seemed like an eternity -?- as my wrist/hands went numb the officers purposely went to get inmates from the yard. Which is against protocol -As INMATES ARE NOT to REMAIN in hndcuffs once placed BACK INTO their cell.— I was left in these extremely tight cuffs for at least an hour.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 66.**

**67.**

> 8.) Around on about Jan-13-2017 after the %(s) on the 11-7 shift read the fraudulent charges (STAFF AssuLTer - INTIMIDATION of threat -of-Sh.ft CommANDer L.T. STiBERR #12571) attached to the cell door. That night I noticed the main "COARSE" in the breakfast tray had spit on top of it, and almost every tray that has followed on the breakfast shift

> *goes this way. I know this is spit because of the white bubbles -?- because the trays for lunch -?- dinner that are handed out by an inmate worker lack this mysterious - white - bubbly slime.*
> • NOTE: PANCAKES DON'T HAVE Bubbles -or- Slime...

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendant Steberr denies writing Plaintiff a fraudulent ticket. Defendants admit that Plaintiff's assault of Defendant Steberr made him a "staff assaulter." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 67.**

**68.**

> 9.) I wrote a grievance on this nasty issue – but as it was/was known Counselor Ray tossed inmate grievances, At this time – I was removed from being the segregation counselor do to complaints about his actions. Therefore another one of my grievances has been prevented from being exhausted. As counselor Rays actions have placed a hurdle before the grievance process, – I – as a result of hearing nothing on this issue, (my breakfast being spat in...) I gave up eating breakfast for the remainder of my stay in segregation

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 68. The Court dismissed the claims against Mr. Ray in its merit review in case number 17-1067. (Court Doc. 1).

**69.**

> 10.) Once again on 2-20-17 I was written a fraudulent ticket – I sentenced to an extra 30 days segregation. The charge was for : 403: disobeying a direct order. Where SGT. Casburn # 10828 said I refused to move cells – I that I refused three direct orders to do so. SGT. Casburn then went on to say that I stated "I'M A MAX SEG – TO SEG TRANSFER – I WILL NOT HAVE A Cellie"...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 69. The Court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067. (Court Doc. 1).

**70.**

This entire ticket was falsely written do to the original charges of staff assault (Note the hearing for this ticket Also violated 20 Ill Admin Code 504-As is the practice in Lawrence.) — s- as each officer takes a swing at me they don't care if they lie or broke Administrative Codes/Law. Because it is the culture in Lawrence to punish or brake inmates who dare to excercise their right to the court -s- grievance process. S.t.7. Casburn's attempt was no different, however he made a key mistake. He lied. In an attempt to trump up the charges. However this lie is easy to discredit. Because contrary to Casburn claiming I was a "seg to seg "Transfer". THIS WAS NOT THE CASE. I WAS TRANSFERED FROM STATVILLE DO TO GOOD BEHAVIOR (AS I'VE REMAINED GANG-DRUG/ALCOHOL/WEAPONS Violation FREE...) AND WAS NOT IN SEGREGATION

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendant Steberr admits writing Plaintiff a ticket for assaulting him. Defendant Steberr denies that the ticket was fraudulent. Defendants deny that any of them "took a swing at" Plaintiff. Defendants deny acting to "punish or break inmates who dare to exercise their right to the court and grievance process." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 70. The Court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067. (Court Doc. 1).

**71.**

However the question remains why would S.t.7. Casburn try to place a Known mentally ill inmate in the cell with me?... Retaliation....

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 71. The Court dismissed the claims against Sgt. Casburn in its merit review in case number 17-1067. (Court Doc. 1).

**72.**

> *All of the forementioned actions against me happened while I was in segregation for the fake staff assault -&- due*

> *to my actions in the court. As the Judges calls -&- attorney calls with legal mail following continued while I was in Seg. The C/o(s) actions became so aggressive -&- the fear -&- mental anguish so heavy I filed an injunction to (Judge Haven) See EX 2. PATterson v. WeXFord Health Case 15-13c:501) However Judge Alonzo told me while I could not attach this injunction to the current claim - I could file the injunction in the proper jurisdiction. While waiting on my grievances on these actions to be returned, so I could exhaust all available administrative remedies the actions of the defendants grew bolder -&- the terror of instant unexpected death became so surreal I was forced to seek Protective Custody on 7-20-17. As I was threatened to be hung by my genatiles in the shower -&- have previous grievances Shoved "up my Ass" in C/o D. Johnson. Who told me he was going to kill me on the breakfast shift -&- pushed me. Do to the threats of death -&- sexual violence I called Springfields Anti-Sexual Violence line twice.*

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendant Steberr denies writing Plaintiff a fraudulent ticket. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 72. The court severed the claims against Defendant Johnson in its merit review in case 17-1067. (Court Doc 1).

**73.**

After this call I sought the C/o -&- requested Protective Custody. However to cover up the repeated retaliation -&- most Recent threats of death -&- sexual violence — the officials here at Lawrence, once again produced fraudulent tickets -&- After speaking to Internal Affairs Lt. Ochs -(who was supposed to investigate the call to Springfield by me.) The adjustment committee gave me a choice, on 7-27-17 to either drop my request for Protective custody or to charged not only with the fraudulent tickets written by C. Cooper for :206: Intimidation or threat -&- :304: Insolence -&- :215: Disobeying A Direct Order -&- But be charged by the state criminally in Lawrence County. The Adjustment Committee on 7-26-17 was comprised of MAJOR T. Stuck -&- C/o F. Cooper (once AGAIN VIOLATING the law of 20 Ill ADMIN-CODES 504-&- CH. I Section 70/.160 (H.)...) Which is Common Practiced in Lawrence. The facts of this issue will be further discussed in this claim. The following acts of retaliation occurred after I left Seg on 4-27-17 -&- Placed into the same cell house Man by shift commander Lt. Etcherer -&- the unit where C/o D. Johnson was the 5 day officer. (SEE EX M-N. FOR FRAUDULENT TICKETS)

SEE
EX
M-
&-
N.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendant Cooper admits that he was a member of the adjustment committee regarding Defendant Johnson's ticket, however, he denies violating any rules. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 73. The Court severed the claims against Defendant Johnson in its merit review in case number 17-1067. (Court Doc. 1).**

**74.**

> On or about 5/10/17 I was housed in 8-C upper id.
> While standing by for chow a person came to the cell door
> where I was sitting - & asked your last name. When I stood
> up there was a person standing so close to the door I could

*[Overlapping text:]* 3P7-MJR-SCW   Document 1   Filed 10/04/17   Page 27 of 38   Page ID #27

> not recognize them. But I would recognize the officer by
> the hat and white shirt

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 74.

**75.**

> When I asked what was up he stated "Your Superiors will still
> keep your Black Ass out of MANARD - But they won't keep me
> off you". As I stood there in shock Lt. Stibern #1257 stepped
> back from the door - & went - & stood by the wall as the bubble
> buzzed the door for chow. For weeks I was so fearful I remained
> in the cell, trying to avoid being hurt or harassed unduely. As
> shift commander Lt. Stibern has continued to directly harass
> - & retaliate against me; after confiscating my legal mail
> from the Appellate Court - & after writing fraudulent staff
> assult ticket on Jan 12, 2017.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendant Steberr denies harassing and retaliating against Plaintiff, denies taking his legal mail, and denies writing Plaintiff a fraudulent ticket. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 75.

**76.**

> All of these actions began -&- are directly linked to my
> exercising my right to the courts -&- grievance process
> (SEE EX 0 . Grievance 5___ -As of date ___ ___ ___ HAVN
> ___ .)

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants deny acting in retaliation for Plaintiff accessing the court and the grievance process.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 76.

**77.**

> On or about 6-25-17 while in the dining hall for lunch on
> the 7-3 shift, I was once again threatened -&- harrassed again
> by C/o D. Johnson. Who on a daily basis THUR-Mon yells racial
> slurs at me - stands behind me at chow jingling his keys
> saying (when he's done jingling - I'm done eating). He continues
> to threaten to take off his badge -&- "Kick your Ass". I've
> written four grievances on C/o Johnson between April-27-17
> to June 25- . Three have magicly vanished as there was no
> appointed counselor for 8 house during these days.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 77.  The Court severed the claims against Defendant Johnson in its merit review in case number 17-1067.  (Court Doc. 1).

**78.**



**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 78.  Defendants note that some of paragraph 78 of Plaintiff's complaint is illegible.  The Court severed the claims against Defendants Johnson and L. McCarthy in its merit review in case number 17-1067.  (Court Doc. 1).

**79.**



**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 79.  Defendants note that most of paragraph 79 of Plaintiff's complaint is illegible.  The Court severed its claims against Defendant Johnson in its merit review in case number 17-1067.  (Court Doc. 1).

**80.**



**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendant Steberr denies writing Plaintiff a fraudulent ticket. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 80. Defendants note that most of paragraph 80 of Plaintiff's complaint is illegible.**

**81.**



**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 81. Defendants note that some of paragraph 81 of Plaintiff's complaint is illegible. The Court severed the claims against Defendant Johnson in its merit review in case number 17-1067. (Court Doc. 1).**

**82.**



**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 82. Defendants note that some of paragraph 82 of Plaintiff's complaint is illegible. The Court dismissed the claims against Goodrum and M. McCarthy in its merit review in case number 17-1067. (Court Doc. 1).**

**83.**



**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 83. Defendants note that some of paragraph 83 of Plaintiff's complaint is illegible. The Court severed the claims against Defendant Johnson and dismissed the claims against Warden Lamb in its merit review in case number 17-1067. (Court Doc. 1).**

**84.**

> All of the foregoing Actions can be verified by
> viewing the surveillance video at the 8-House facility
> on 7-11-19 (7-3 shift)

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendants deny that there is surveillance video in the cell house.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 84.  Defendants note that some of paragraph 84 of Plaintiff's complaint is illegible.

**85.**

> When we came out for layrroom I went to speak to
> Lt. L.T. about my grievance threat. But T.T. for his at
> the flipped it - & said "I'll GET RID OF TROUBLE MAKERS
> ...
> ... everybody - that's ...
> - He went on to tell ... off out of his
> office or go to seg.  However the retaliation did
> not stop here.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny retaliating against Plaintiff.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 85.  Defendants note that most of paragraph 85 of Plaintiff's complaint is illegible.  The Court dismissed the claims against Lt. M. McCarthy and Goodrum in its merit review in case number 17-1067.  (Court Doc. 1).

**86.**

> As the racial slurs ... white supremacy
> threats of sexual violence - & actual physical violence
> against me came to a boiling point on July 20-2017

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 86.  Defendants note that some of paragraph 86 of Plaintiff's complaint is illegible.

**87.**

> While walking to chow on 7-3 shift (lunch) I was in the middle of the line, when it stopped. As C/O Berry who was working the walk stoped the line, at the yellow line printed on the sidewalk. Out of no where C/O D. Johnson who works (8-C-unit) where I'm held came up to me, and cursing-&-requesting my i.d. I gave it to him-&-asked what was going on because I was expecting a visit. He inturn cursed me loud-&-told me "TAKE YOUR ASS-back to the Unit", for holding up the line... But this was just a ploy-because C/O D. Johnson was behind the line,-&-I was in the part of the line C/O Berry had stopped, to wait for the rest of the line which was draging behind. Plus at no point did C/O Berry say catch up-move up or anything to me-that he normally says to slackers.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 87. The Court severed the claims against Defendant Johnson in its merit review of case number 17-1067. (Court Doc. 1).**

**88.**

> When I asked C/O D. Johnson why he said go back-&-why he was cursing he said "BECAUSE I fUcKiNG CAN-&-BECAUSE I fUcKiNG SAID SO"... He went on to say go back or cuff up. So out of great fear of being cuffed by C/O Johnson, I started back to the unit after requesting a L.T. -&- C/O Berry saying "just go back-I'll send A L.T."...

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 88. The Court severed the claims against Defendant Johnson in its merit review of case number 17-1067. (Court Doc. 1).**

**89.**



**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 89.  The Court severed the claims against Defendant Johnson in its merit review of case number 17-1067.  (Court Doc. 1).

**90.**

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights.  Defendant Steberr admits that he wrote Plaintiff a ticket for assaulting him.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 90.  The Court dismissed the claims against Warden Lamb in its merit review in case number 17-1067.  (Court Doc. 1).

**91.**

> About 10:30 A.m (7-20-17) my cell mate inmate Davis came back from school -&- when C/o Johnson opened the door he _____ started cursing me again calling me a pussy & asked me "What do you want to do PATterson"... When I told him to stop talking to me before I write him up. He went on to Say "I'll be working over time in the next few days -&- youre ASS will be found stuffed full of grievances

X67-MJR-SCW   Document 1   Filed 10/04/17   Page 30 of 38   Page ID #30

> -&- dangling in the shower... You'll see PATTERSON I win ___ win...

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 91.  The Court severed the claims against Defendant Johnson in its merit review of case number 17-1067.  (Court Doc. 1).

**92.**

> However the threats of violence did not end here as C/o D. Johnson actually physically assaulted me after my visit on 7-20-17 (The issues on the _____ visit will be Addressed later in this claim -&- in the Attached injunction)... After the visit on 7-20-17 I requested to speak to a major regarding my safety. When I told C/o Edwards this in the visiting shake down, he refused to call a major, but did get L.T. L. McCar- -thy. Who I asked to speak to alone.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 92.  The Court severed the claims against Defendants Johnson and L. McCarthy in its merit review of case number 17-1067.  (Court Doc. 1).

**93.**

> Once alone I told L.T. L. McCarthy (All) the threats of violence
> -&- ill actions made against me by C/O D. Johnson &- I asked him to
> help me. He inturn told me C/O Johnson was all right - but firm. When
> I asked him to help because the grievances the grievances were not
> doing any good. He stated "GRIEVANCES - you still trying to SUE people
> PATTERSON - hell I should help him tie the knot".. Meaning he would
> help C/O Johnson hang me. (note: L.T. McCarthy is the L.T. I Reported Johnson to w/ Now)

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 93. The Court severed the claims against Defendants Johnson and L. McCarthy in its merit review of case number 17-1067. (Court Doc. 1).

**94.**

> When I returned from my visit C/O Johnson was waiting for me
> like a mad dog on a chain (see 8-house CAMERA door entry 7-20-17) -&- at
> once I knew L.T. L. McCarthy had told C/O Johnson my complaint. Because
> as I tried to get back on the wing (8-C) C/O Johnson stated "I told
> you I Always win PATTERSON - how was your noncontact visit you piece
> of shit".. - I know Lt. L. McCarthy had to call a head -&- reveal my
> complaint on C/O D. Johnson - because Johnson knew I had an issue on the
> visit - which is in the front of the prison. While Johnson works in the
> back of the prison in 8-Unit...

**RESPONSE:** Defendants deny the allegations in paragraph 94. Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 94. The Court severed the claims against Defendants Johnson and L. McCarthy in its merit review of case number 17-1067. (Court Doc. 1).

**95.**

> When I refused to answer % Johnsons remarks - he turned red -&- as he opened the door to the unit he stated "You'll see how I win - I'll be working breakfast one of these nights -&- I'm going to make you my little bitch".. While I was walking up the stairs % Johnson who was directly behind me pushed me -&- started making kissing noises. I was so afraid I almost ran to the cell -&- when % D. Johnson opened the door to cell 8-C-upper -12 he started cursing me again -&- started asking "how was my non contact visit" I ignored him but before he left Johnson added "We'll see tonight - you little bitch".. Meaning he was going to make good on his threats...

**RESPONSE:** Defendants deny the allegations in paragraph 95. Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 95. The Court severed the claims against Defendants Johnson and L. McCarthy in its merit review of case number 17-1067. (Court Doc. 1).

**96.**

> Out of fear for my life -&- because as of date none of the grievances I filed about the actions of these rogue racist officers have been answered or have been rubber stamped by Warden Lamb. I have been forced to seek Protective Custody (see grievance dated 7-26-17 EX-P-) As % D. Johnson - % Goodrum - S/n Buckles - % Summer % E. Cooper - L.T. L. McCarthy - L.T. Henton - L.T. M. McCarthy -&- L.T. A. Stibbar, have all directly played a role in harassing me after judge calls / attorney calls - illegally opened / read my privileged mail - confiscated privileged legal mail - written fraudulent tickets

> thrown into punitive Segregation - denied me proper adjustment committee hearings - tossed grievances - threaten to hang my "BLACK ASS" - Sodomize me with grievances - hang me by my balls - beat me - kill me -&- if I did not drop the pursuit of Protective Custody (there by the investigation why I was seeking P.C.) - charge me criminally by the Lawrence County prosecutor for assault. As the staff has previously written false tickets for assault against me out of retaliation.

**RESPONSE:** Defendants deny the allegations in paragraph 96. Defendants deny violating Plaintiff's constitutional rights. The Court severed the claims against Defendants Johnson, L. McCarthy, Buckels, and Summer in its merit review of case number 17-1067. (Court Doc. 1). The Court dismissed the claims against Warden Lamb, Goodrum, and M. McCarthy in its merit review in case number 17-1067. (Court Doc. 1).

**97.**

> "Retaliation due to me being reclassified a "Staff assulter by an impartial adjustment committee (see paragraph 2 of this claim) who refused to view surveillance video that would prove my innocence + show that officers did infact confiscate privledged mail from the Appellate Court ~~courts~~ + harass me after legal calls unduly for months. This reclassification led to the following.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that there was surveillance video in the cell house. Defendants admit that Plaintiff's assault of Defendant Steberr classified him as a "staff assaulter." Defendants deny confiscating mail and deny harassing Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 97.

**98.**

> On July 20-17 my family came to visit me. Expecting to have a NORMAL contact visit with me. As counselor Struheart had ensured my mother all of the restrictions (NON-CONTACT) were removed by Warden Lamb. On 7-3-17 I had just enjoyed a (contact-visit) with my family due to any/all restrictions being removed by Warden Lamb.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 98.

**99.**

> However when my family arrived on 7-20-17 they were met with fearce hostile behavior from the Sgt in charge of the visiting room on 7-20-17 (7-3 shift). Who told them that only one person could see me at a time. & the visit would be non contact. When my family explained to them the restriction had been removed by the Head Warden - & they had just visited me (contact visit) two weeks prior. They were met with further hostile behavior from the Sgt. -& officers working the visiting center. They were told they could not speak to the warden - because the Sgt was in charge -& the only one that mattered. They were told to either leave or one person could come in.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 99.

**100.**

> When I arrived in the visiting center (moments after dealing with C/O D.Johnson) I was met by L.T. L. McCarthy three C/O(s) -& the Sgt. (bald w/in 50yr). Who with a show of force let me know before I could even take two steps in the building — that due to my classification As "Staff Assaulter" they will not allow me to have a contact visit. When I told L.T. L. McCarthy the restrictions (6mon) was cut short by the Head Warden. The Sgt told me he was not there -& since I put my hands on staff "I'll never receive any priviliges in Lawrence". They let me know I could either (1) go to seg -or- (2) go see my family. I picked door # 2.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 100. The Court severed the claims against Defendants Johnson and L. McCarthy in its merit review of case number 17-1067. (Court Doc. 1).

**101.**

> "On 7-21-17 my family called & spoke to counselor Jarrett who double checked the computer & found no reason why I should not have been given a contact visit. As I had such visit weeks earlier & All restrictions were removed by Chief Administrative Officer Lamb. (see Grievance dated 7-23-17 EX-Q.)"

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 101.**

**102.**

> The forementioned officials & officers in this complaint & in the visiting room on 7-20-17, have perpetuated the pattern set by the culture in Lawrence. Which is to punish inmates who exercise their right to the court & grievance process by any & all means. Even if this means breaking & disregarding the law; drafted by legislators to guide I.D.O.C. officials in the form of Administrative Codes. The defendants actions of retaliation have become so severe that I fear for my life. As the threats of sexual violence – death by hanging – physical attacks by c/o(s) has forced me to seek Protective Custody – Call Springfields Adult line & ultimately file an injunction. Seeking protection from this honorable court as I am continually denied due process.

**RESPONSE: Defendants deny violating Plaintiff's constitutional rights. Defendants deny punishing inmates for exercising their constitutional rights. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 102.**

V. RELIEF:

Due to the direct violation of my first Amendment Rights (U.S.C) - Being Subjected to Cruel - & Unusual punishment in the form of actual physical violence - threat of sexual violence - threat of hanging - threat of death - racial slurs - Violation of Due Process - & Blatant Deliberate indifference: The plaintiff seeks an injunction - Immediately ordering that he is placed in protective custody outside of Lawrence to ensure his safety.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that Plaintiff is entitled to any relief whatsoever. Defendants assert that Plaintiff's request is moot as he is no longer at Lawrence Correctional Center.

Plaintiff also seeks an order to have Lawrence follow the complete legislated law found in the mandatory language found in Administrative Codes 504 Compensatory Damages of five hundred thousand dollars - & punitive damages of two hundred - & fifty thousand.

**RESPONSE:** Defendants deny violating Plaintiff's constitutional rights. Defendants deny that Plaintiff is entitled to any relief whatsoever.

VI. The plaintiff demands that this case be tried by a jury...

**RESPONSE:** Defendants demand a trial by jury.

## <u>AFFIRMATIVE DEFENSES</u>

**Qualified Immunity**

At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

**Sovereign Immunity**

To the extent that Plaintiff's claims for monetary damages against Defendants are in their official capacity, the claims are barred by the doctrine of sovereign immunity.

**Failure to Exhaust Administrative Remedies**

Plaintiff has filed suit concerning prison conditions while in the Department of Corrections. Plaintiff has failed to properly exhaust his administrative remedies regarding his claims as is required prior to filing suit under 42 U.S.C. §1983 and his claims are, therefore, barred by the Prison Litigation Reform Act (42 U.S.C. §1997e(a)) and *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3d 532 (7th Cir. 1999).

**Injunctive Relief Barred**

To the extent Plaintiff is suing Defendants for declaratory relief or injunctive relief not intended to address ongoing violations, Plaintiff's requests for such relief are barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act.

***Heck v. Humphrey***

Plaintiff is barred from seeking damages in a civil rights suit if the judgment would imply the invalidity of his conviction or sentence or of action taken in prison disciplinary proceedings which resulted in the deprivation of good conduct credits. *Heck v. Humphrey*, 512 U.S. 477, 487

(1994); *see also Edwards v. Balisok*, 520 U.S. 641 (1997).  Plaintiff asserts facts that imply the invalidity of discipline resulting in the loss of good time credit and, therefore, he is barred from making those assertions.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, and deny any and all relief requested by Plaintiff in this matter.

Respectfully submitted,

ELDON COOPER, KYLE HENTON,
JEREMY GIVENS, and ARNOLD STEBERR

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

Rachel Schwarzlose, #6283966
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(618) 236-8741                                    BY:      s/ Rachel Schwarzlose
                                                                   Rachel Schwarzlose, #6283966
Of Counsel.                                                   Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

RICKY PATTERSON, #B79037,   )
              )
    Plaintiff,     )
              )
vs.          )  Case No. 17-1311-SMY-RJD
              )
STIBBRR, et al.,      )
              )
    Defendants.   )

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on March 12, 2018, the foregoing document, <u>Answer and Affirmative Defenses</u>, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Ricky Patterson #B79037
Hill Correctional Center
600 South Linwood Road
PO Box 1700
Galesburg, IL 61402

          Respectfully Submitted,

          s/ Rachel Schwarzlose _____
          Rachel Schwarzlose, #6283966
          Assistant Attorney General
          500 South Second Street
          Springfield, Illinois  62701
          Phone: (618) 236-8741
          Fax: (618) 236-8620
          E-Mail: rschwarzlose@atg.state.il.us