IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICKY PATTERSON,                      )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    Case No. 17-cv-1311-SMY-RJD
                                      )
STIBBRR, et al.,                      )
                                      )
        Defendants.                   )
                                      )

                                    **ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel Discovery (Doc. 39). Defendants filed a response (Doc. 41). Plaintiff is proceeding in this case on two counts: Fourteenth Amendment due process claim and First Amendment retaliation claim. The Court reviews each of Plaintiff's Interrogatories and Requests for Production and Defendants' responses thereto, as set forth below:

1. **Interrogatory**: The disciplinary histories of Defendants Steber, Cooper, Henton, and Givens.

   **Response**: Defendants object arguing employment files of State employees are presumptively confidential. Defendants further object the interrogatory is overbroad in time and scope, irrelevant, and not proportional to the needs of the case.

   **Ruling**: The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

2. **Interrogatory:** Who made the appointments (of Cooper/Henton) to the Adjustment Committee?

   **Response:** Defendant Cooper responded he was appointed to the adjustment committee in 2001 by Warden Michael Neal. Defendant Henton responded he was appointed to the adjustment committee in July 2007 by Warden Lee Ryker. Defendant Henton became an alternate chairperson on the adjustment committee on October 20, 2016, when he was

approved by Assistant Warden of Operations Russell Goins.

**Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

3. **Request:** Any and all policies and directives governing legal mail delivery and reception on January 12, 2007, and a list of any and all legal mail delivered to Plaintiff while held in Lawrence from 2016 to 2017.

   **Response:** Defendants objected to this interrogatory as this case was severed from Plaintiff's claims involving his legal mail (17-1067). Defendants, however, provided Plaintiff with the Illinois Administrative Code section involving inmate legal mail and the institutional directive on legal mail.

   **Ruling:** Defendants are **ORDERED** to supplement the response to this request and provide Plaintiff any list of the legal mail delivered to him while he was housed at Lawrence in 2016 and 2017.

4. **Request:** Any and all documents that set the policy and procedure pertaining to the use, storage, retrieval, and disposition of video tapes and all other storage for media used to record images.

   **Response:** Defendants' response to this request is not included. This request, however, is similar to Request #9 set forth below.

   **Ruling:** The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

5. **Interrogatory directed to Defendant Givens:** How long were you serving as an investigator during the investigation of ticket #201700178-1 dated January 17, 2017?

   **Response:** Defendant Givens responded, "he does not remember how long he had been serving as the hearing investigator in January 2017." Defense counsel requested additional information to assist in answering the question and supplemented the response that Givens was appointed as hearing investigator on February 23, 2016.

   **Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

6. **Interrogatory directed to Defendant Givens:** List of tickets you were served as investigative officer from November 2016 to August 2017.

   **Response:** Defendants object to this interrogatory as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Additionally, the request would involve personal and private information of other inmates.

**Ruling:** The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

7. **Interrogatory directed to Defendant Givens:** Who appointed you the position of hearing investigator? Provide documented proof.

   **Response:** Defendant Givens responded he was recommended by Jana Carie and his appointment was approved by Warden Steve Duncan on February 22, 2016.

   **Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

8. **Interrogatory directed to Defendant Givens:** Description of training for position of hearing investigator and all related documents used in training.

   **Response:** Defendant Givens objected to the request as overbroad, but notwithstanding the objection, responded he received training regarding DR 504 (Title 20, Chapter 1, Subchapter e, Part 504 of the Illinois Administrative Code).

   **Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

9. **Request:** All records linked to the upkeep and maintenance of all/any surveillance equipment at Lawrence Correctional Center from 2015 through 2018.

   **Response:** Defendants object to the request as vague, overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Additionally, Defendants argue providing details about the surveillance cameras at Lawrence Correctional Center may present a risk to the safety and security of the institution. Defendants also informed Plaintiff that no video footage was available from January 12, 2017, inside his cell house and therefore the question is not relevant to the case.

   **Ruling:** The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. Defendants are **ORDERED** to supplement the response to Request #3 as set forth above. Defendants are **DIRECTED** to supplement the response within fourteen days.

**IT IS SO ORDERED.**

**DATED:** July 9, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**