IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY PATTERSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-1311-SMY-RJD |
| STIBBRR, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Leave to File an Amended Complaint (Doc. 60) filed by Plaintiff. This case was severed from Plaintiff's original case (17-cv-1067-SMY-MAB) on December 5, 2017. Plaintiff is proceeding in this case against Defendants Stibbrr, Henton, Cooper, and Givens[1] on the following counts:

**Count 4:** Fourteenth Amendment due process claim against Stibbrr for issuing Plaintiff a false disciplinary ticket on January 12, 2017; against Givens for failing to produce exculpatory evidence (surveillance video) requested by Plaintiff; and against Henton and Cooper for failing to review or consider the video evidence before finding Plaintiff guilty and punishing him with segregation;

**Count 6:** First Amendment claim against Stibbrr for writing the January 12, 2017, false disciplinary ticket in retaliation for Plaintiff's successful challenge to the fraudulent Buckles ticket, and for Plaintiff's grievance and litigation activity.

---

[1] The Clerk of Court is directed to correct the docket to reflect the proper spelling of the names of Defendants as Eldon Cooper (listed as E. Cooper), Kyle Henton (listed as Henton), Jeremy Givens (listed as C/O Givens), and Arnold Steberr (listed as Stibbrr).

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Plaintiff seeks leave to file an Amended Complaint to identify a John Doe defendant. Plaintiff, however, has not been proceeding against any John Doe defendant in this case. Plaintiff is actually seeking to add a defendant. The deadline to file a motion for leave to amend was July 16, 2018 (Doc. 18). The discovery deadline in this case was July 19, 2019 (Doc. 43). The dispositive motion deadline is September 19, 2019 (Doc. 63). Plaintiff filed his motion more than a year after the deadline to amend, and after the discovery deadline has passed. Plaintiff fails to set forth a sufficient reason for delay. Adding a defendant and new allegations at this stage of the proceedings would unfairly prejudice Defendants as they will not have the opportunity to conduct discovery regarding the new allegations. The Court finds undue delay and unfair prejudice and declines to grant leave to file the proposed amended complaint. Plaintiff's motion (Doc. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** September 5, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**